**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ZITOUNI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1290** |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendant United States Citizenship and Immigration Services' ("USCIS") motion to remand[1] Plaintiff Hisam Zitouni's ("Plaintiff") naturalization application and to dismiss the above-captioned matter without prejudice. Having considered the motion, the memoranda in support and in opposition, the applicable law, and the record, the Court will grant the motion.

## I. Background

In his request for hearing on his application for naturalization, Plaintiff, a native and citizen of Syria, alleges that he is a lawful permanent resident of the United States and that his application for naturalization (Form N-400) has been pending with USCIS since March 4, 2010.[2] According to Plaintiff, he attended a biometrics appointment with USCIS on October 18, 2011, during which USCIS took Plaintiff's finger prints.[3] Plaintiff further asserts that he appeared for his naturalization interview on October 27, 2011 and that he received his naturalization interview results indicating that he had passed the tests of English, U.S. history, and government.[4] Despite this, Plaintiff

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 1 at 1.

[3] *Id.* at 4.

[4] *Id.*

alleges, the USCIS officer refused to make a decision on Plaintiff's application for naturalization.[5] Plaintiff claims that he meets all the legal requirements to be naturalized as a United States citizen and that he has provided all required evidence to USCIS in order for his application to be adjudicated.[6] Plaintiff also alleges that all FBI and background checks have been completed by USCIS.[7]

Plaintiff filed his request for hearing on his application for naturalization on February 15, 2016.[8] USCIS filed the instant motion to remand the case to USCIS and to dismiss the case without prejudice on May 20, 2016.[9] Plaintiff filed an opposition to the motion on June 11, 2016.[10] With leave of Court, USCIS filed a reply on June 22, 2016.[11]

## II. Parties' Arguments

### A.    USCIS's Arguments in Support of the Motion to Remand

In support of its motion, USCIS argues that good cause exists for the Court to remand the matter to USCIS.[12] USCIS asserts that the Court may remand the matter and that remand is appropriate here for three reasons.[13] First, USCIS avers that remand will ensure that Plaintiff

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 11.

[10] Rec. Doc. 14.

[11] Rec. Doc. 18.

[12] Rec. Doc. 11-1 at 3.

[13] *Id.*

receives an "expeditious decision on his naturalization application without denying him the right to eventually seek de novo judicial review of that decision, if necessary."[14] According to USCIS, it is prepared to issue a decision within 21 days of the Court's entry of a remand order.[15] USCIS avers that this time period will likely be shorter than the time it would take for the Court to preside over discovery, to consider any dispositive motions, and to determine at trial whether Plaintiff had presented sufficient evidence that he meets all the requirements for naturalization.[16]

Second, USCIS asserts that a remand would allow USCIS to apply its expertise regarding naturalization, to fulfill its statutory obligation to adjudicate naturalization applications in the first instance, and to fully develop an administrative record.[17] It is because of these considerations, USCIS avers, that the "vast majority" of courts faced with this situation conclude that remand is appropriate.[18] Finally, USCIS argues that the Court will preserve judicial resources by remanding the matter to USCIS and allowing the administrative process to conclude.[19] Even if Plaintiff were to seek *de novo* review of the naturalization decision after the administrative process, USCIS asserts that the Court considering such an appeal would have the benefit of a final agency decision and a fully developed administrative record.[20]

---

[14] *Id*. (citing 8 U.S.C. § 1421(c)).

[15] Id.

[16] *Id.* at 4 n.3.

[17] *Id.* at 4.

[18] *Id.* (*Antonishin v. Keisler*, 627 F.Supp.2d 872, 877 (N.D. Ill. 2007); 8 U.S.C. § 1421(a)).

[19] *Id.*

[20] *Id.* at 5.

**B.**     *Plaintiff's Arguments in Opposition to the Motion to Remand*

In opposition to the motion, Plaintiff argues that USCIS has admitted that Plaintiff's application for naturalization should be approved.[21] According to Plaintiff, USCIS did not answer Plaintiff's request for hearing on his application for naturalization within the 60 day time period required under the Federal Rules of Civil Procedure, Rule 12(a)(2), nor did USCIS file a responsive pleading within the time mandated by the Court's order.[22] Pursuant to Federal Rules of Civil Procedure, Rule 8(b)(6), Plaintiff argues that USCIS has admitted all allegations in Plaintiff's request for hearing.[23] Plaintiff further argues that the only reason USCIS is moving for a remand is to avoid the possibility of having to reimburse Plaintiff for attorneys' fees, court courts, and expenses pursuant to the Equal Access to Justice Act.[24] According to Plaintiff, if the Court remands the case to USCIS without an order to approve Plaintiff's application for naturalization, then Plaintiff will be precluded from seeking reimbursement for fees and costs associated with suing USCIS.[25]

Plaintiff next contends that under Fifth Circuit precedent it is well settled that the general rule is that district courts should not remand naturalization lawsuits back to USCIS unless FBI background investigations are still pending with USCIS.[26] According to Plaintiff, the FBI investigations in his case were completed six years ago, and the motion to remand should therefore

---

[21] Rec. Doc. 14 at 2.

[22] *Id.* (citing Rec. Doc. 10, Rec. Doc. 1 at 4).

[23] *Id.*

[24] *Id.* (citing 28 U.S.C. § 2412, *et seq.*).

[25] *Id.* at 2–3 (citing *Othman v. Chertoff*, 309 Fed. App'x 792 (5th Cir. 2008)).

[26] *Id.* at 3.

be denied.[27] Moreover, Plaintiff contends that some district courts within the Fifth Circuit have denied remand even where FBI checks were still pending.[28]

Plaintiff next argues that 8 U.S.C. § 1447(b) gives district courts exclusive jurisdiction over cases where a plaintiff has filed an application for naturalization and that application has not been adjudicated within 120 days after an interview by USCIS.[29] According to Plaintiff, once USCIS refuses to adjudicate an applicant's application for naturalization, the applicant can then file suit with the district court.[30] At that point, Plaintiff asserts that the Court can either determine the matter or remand the matter with appropriate instructions for USICS.[31] Plaintiff contends that the district court has exclusive jurisdiction to determine the cause of action at that point and that no subsequent decision by USCIS can strip the district court of its exclusive jurisdiction or moot the cause of action after suit has been filed.[32]

Plaintiff acknowledges that the Fifth Circuit has not directly ruled on this issue but contends that several district courts within the Fifth Circuit have ruled that the district court has exclusive jurisdiction over an application for naturalization once a cause of action is filed.[33] Moreover, Plaintiff argues that four circuit courts have held that district courts have exclusive

---

[27] *Id.* (citing Rec. Doc. 1 at 20; *Hua v. Holder*, 2012 WL 5363976 (M.D. La. Oct. 30, 2012)).

[28] *Id.* at 4 (citing *Negum v. U.S.*, 480 F.Supp.2d 877 (N.D. Tex. 2007); *Aslam v. Gonzalez*, 2006 WL 3749905 (W.D. Wash. Dec. 19, 2006)).

[29] *Id.* at 6 (citing *Khalid v. Gomez*, 2013 WL 2285132 (E.D. La. May 22, 2013) (Fallon, J.)).

[30] *Id.* at 8 (citing 8 U.S.C. § 1447(b)).

[31] *Id.*

[32] *Id.* (citing *United States v. Hovsepian*, 359 F.3d 1144, 1159–64 (9th Cir. 2004); *Etape v. Certoff*, 497 F.3d 379 (4th Cir. 2007); *Bustamante v. Napolitano*, 582 F.3d 403, 404 (2d Cir. 2009); *Al-Maleki v. Holder*, 558 F.3d 1200, 1205 n.2 (10th Cir. 2009)).

[33] *Id.* at 9 (citing *Khalid v. Gomez*, 2013 WL 2285132 (E.D. La. May 22, 2013).

jurisdiction over a naturalization cause of action and that no circuit court has held otherwise.[34] Plaintiff represents that a district court in the Fifth Circuit recently agreed with the circuit courts who have ruled on the issue and held that district courts have exclusive jurisdiction over naturalization application causes of action.[35] According to Plaintiff, the court further held that nothing prevents an applicant and USCIS from settling the matter and withdrawing the case after it is filed.[36] Plaintiff asserts in conclusion that there is clear and convincing evidence that he meets all of the legal elements to become a naturalized United States citizen and that USCIS has constructively agreed by refusing to file an answer pursuant to the Court's order.[37] Plaintiff requests that the Court retain jurisdiction, as there are no FBI background checks pending.[38]

## C.    USCIS's Reply in Further Support of the Motion to Remand

In reply, USCIS asserts that it is prepared to issue a decision on Plaintiff's application for naturalization within 14 days of an order to remand and noted that any reference to a 21-day period in prior briefing was incorrect.[39] USCIS next argues that none of the cases cited by Plaintiff in support of a district court's exclusive jurisdiction over naturalization causes of action suggest that the Court may not or should not remand.[40] According to USCIS, in a Fifth Circuit case relied upon by Plaintiff, the Fifth Circuit explicitly indicated that it expected the district court to remand the

---

[34] *Id.* at 10.

[35] *Id.* at 14 (citing *Agarwal v. Napolitano*, 663 F.Supp.2d (W.D. Tex. 2009)).

[36] *Id.*

[37] *Id.* at 15 (citing Rec. Docs. 1; 10).

[38] *Id.*

[39] Rec. Doc. 18 at 1 n.1.

[40] *Id.* at 2.

naturalization case to USCIS.[41] Thus, USCIS argues, none of the cases cited by Plaintiff undermine the Court's authority to remand.[42] Moreover, USCIS argues that the issue of exclusive jurisdiction of the district court is irrelevant to this matter, because in this case, USCIS is not attempting to dismiss the case for lack of jurisdiction or arguing that the case is moot because of a recently issued USCIS decision.[43] Rather, USCIS asserts that it is moving to remand the case to the agency for prompt adjudication, as authorized by the statute.[44]

USCIS further contends that there is no general rule within the Fifth Circuit that a district court should not remand a naturalization lawsuit once the FBI background checks on a plaintiff have been completed.[45] USCIS argues that none of the three cases Plaintiff cites for this rule support his proposition.[46] In one of those three cases, USCIS asserts that the court denied the motion to remand without explanation, and in the other two cases, USCIS contends that the district courts retained jurisdiction because of the government's lack of assurance as to when a decision on the application would be made.[47] In this case, USCIS argues, it has assured the Court and

---

[41] *Id.* (citing *Walji v. Gonzales*, 500 F.3d 432, 437–39 (5th Cir. 2007)).

[42] *Id.*

[43] *Id.* at 3.

[44] *Id.* (citing *Etape v. Chertoff*, 497 F.3d 379, 387 (4th Cir. 2007); *Hua v. Holder*, 2012 WL 5363976 (M.D. La. Oct. 30, 2012)).

[45] *Id.*

[46] *Id.* (citing *Hua v. Holder*, 2012 WL 5363976 (M.D. La. Oct. 30, 2012); *Negam v. U.S.*, 480 F.Supp.2d 877 (N.D. Tex. 2007); *Suarez v. Barrows*, 2007 WL 1624358 (N.D. Tex. June 5, 2007)).

[47] *Id.* at 3–4. (citing *Hua v. Holder*, 2012 WL 5363976 (M.D. La. Oct. 30, 2012); *Nagem v. U.S.*, 480 F.Supp.2d 877 (N.D. Tex. 2007); *Suarez v. Barrows*, 2007 WL 1624358 (N.D. Tex. June 5, 2007)).

Plaintiff that it is prepared to issue a decision within 14 days of remand.[48] Overall, USCIS contends, it is more common for district courts to remand naturalization causes of action than to retain jurisdiction.[49]

USCIS next argues that it did in fact file a responsive pleading, *i.e.* its motion to remand, to Plaintiff's request for hearing and therefore did not admit all of the factual allegations in Plaintiff's complaint.[50] Specifically, USCIS asserts that it did not admit that Plaintiff's application for naturalization has been approved.[51] USCIS notes that it has already completed substantial work toward determining whether Plaintiff qualifies for naturalization and will thus be able to issue a decision within 14 days of remand by the Court.[52] USCIS denies that its motion to remand is aimed at avoiding the payment of attorneys' fees and costs.[53] Rather, USCIS argues that its reasons for remand include: (1) ensuring prompt adjudication of Plaintiff's application; (2) allowing USCIS to apply its expertise; and (3) preserving the Court's resources, while still allowing Plaintiff to seek *de novo* review should he seek to challenge USCIS's determination.[54] USCIS asserts that by failing to respond to those arguments, Plaintiff has now waived any such response.[55]

---

[48] *Id.* at 4.

[49] *Id.* at 4–5 (citing *Osman v. Chertoff*, No 6:06-506, 2008 WL 750567, at * 2 (E.D. Tex. Mar. 18, 2008)).

[50] *Id.* at 5.

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.* at 6.

[55] *Id.* (citing *McZeal v. J.P. Morgan Chase Bank, NA*, No. 13-6754, 2014 WL 3166715, at *8 n.23 (E.D. La. July 7, 2014)).

### III. Law and Analysis

**A.     Legal Standard**

After an applicant files an application for naturalization with USCIS, it "shall [if not waived] conduct an investigation of the applicant."[56] Once the investigation is complete, an applicant must appear before USCIS for an examination.[57] The decision to grant or deny the application must be made within 120 days after the initial examination of the applicant.[58] If USCIS fails to issue a decision within 120 days of the examination, the applicant may ask a district court to adjudicate the application pursuant to 8 U.S.C. § 1447(b).[59] Section 1447(b) provides:

> If there is a failure to make a determination [on the application for naturalization] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter.[60]

In an opinion construing the term "examination," the Fifth Circuit held that the 120 days begins to run after the applicant interview.[61]

**B.     Analysis**

As an initial matter, the Court notes that the Plaintiff's briefing addresses the issue of whether an application for naturalization can be adjudicated by USCIS after a plaintiff has filed a

---

[56] 8 C.F.R. § 335.1. *See also* 8 C.F.R § 334.2(a).

[57] 8 C.F.R. § 335.2(a).

[58] 8 C.F.R. § 335.3(a).

[59] *Walji v. Gonzales*, 500 F.3d 432, 433 (5th Cir. 2007).

[60] *Id.* at 435.

[61] *See id.* at 439.

suit pursuant to § 1447(b) or whether, instead, the district court's jurisdiction is exclusive and deprives the agency of the power to act.[62] However, this issue is not in dispute in this case. After Plaintiff filed this action, USCIS did not make any decisions regarding Plaintiff's application for naturalization.[63] Accordingly, the Court need only decide whether to "determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."[64]

USCIS argues that remand will ensure the prompt adjudication of Plaintiff's application; allow USCIS to apply its statutory expertise in the first instance; and preserve judicial resources.[65] USCIS asserts that it is prepared to issue a decision on Plaintiff's application within 14 days of an order granting remand.[66] Plaintiff argues that USCIS has admitted that Plaintiff's application should be approved, because it failed to file an answer to Plaintiff's complaint.[67] Plaintiff also argues that remand should be denied, because he is entitled to an expeditious determination of his status and it is "well settled" that district courts within the Fifth Circuit should not remand naturalization causes of action unless FBI background checks are still pending with USCIS.[68]

The Court notes that Plaintiff's motion for entry of default by the Clerk of Court as to USCIS[69] was denied, because USCIS had filed responsive a responsive pleading, *i.e.* the motion

---

[62] *See* Rec. Doc. 14 at 6–14; Rec. Doc. 18 at 2.

[63] *See* Rec. Doc. 18 at 3.

[64] *Otundo v. Gomez*, No. 13-4994, 2013 WL 5410470, at *2 (E.D. La. Sept. 25, 2013) (Africk, J.).

[65] Rec. Doc. 11-1 at 3, Rec. Doc. 18 at 1.

[66] Rec. Doc. 18 at 1.

[67] Rec. Doc. 14 at 2.

[68] *Id.* at 1.

[69] Rec. Doc. 13.

to remand.[70] Moreover, although Plaintiff asserts that USCIS failed to file a responsive pleading within the time period mandated by the Court's order, the record indicates that USCIS complied with the Court's May 2, 2016, order granting USCIS's request for a 21-day extension of time to answer.[71] In its order granting USCIS's unopposed request for an extension of time to answer, the Court instructed USCIS to "process, answer, or otherwise plead to the Request for Hearing on Application for Naturalization filed by Plaintiff" by May 20, 2016.[72] The record indicates that USCIS filed its motion to remand on May 20, 2016.[73] Accordingly, USCIS has "otherwise plead" to Plaintiff's request for hearing and has not admitted to the allegations in Plaintiff's request for a hearing.[74]

Turning to the parties' substantive arguments, USCIS avers that remand will allow a speedier resolution of Plaintiff's application,[75] while Plaintiff asserts that remand should be denied pursuant to a general rule that district courts in the Fifth Circuit should not remand naturalization

---

[70] Rec. Doc. 15. *See also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default.").

[71] Rec. Doc. 10.

[72] *Id.*

[73] Rec. Doc. 11.

[74] *See Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1480 (N.D. Ga. 1997) (denying entry of default judgment against plaintiff who had not responded to defendant's counterclaim and finding that the plaintiff's pending motion to remand tolled the plaintiff's time to respond to the counterclaim). *Cf. First Citizens Mun. Corp. v. Pershing Div. of Donaldson, Lufkin & Jenrette Secs. Corp.*, 546 F.Supp. 884, 886 n.1 (N.D. Ga. 1982) (noting that defendants who brought a motion to stay judicial proceedings and compel arbitration pursuant to the Federal Arbitration Act had not filed answers to the plaintiff's complaint and acknowledging that federal courts have traditionally entertained certain types of pre-answer motions not specifically provided for in the Federal Rules of Civil Procedure) (citing Wright and Miller, Civ. Practice & Procedure § 1360, 634 ("Federal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by rules or by statute.")).

[75] Rec. Doc. 11-1 at 1.

lawsuits unless FBI background investigations are still pending with USCIS.[76] Plaintiff relies on three district court cases for the proposition that district courts should not remand naturalization lawsuits when FBI background checks have been completed.[77] However, none of the decisions cited by Plaintiff turned on whether the plaintiff's background checks had been completed.

In *Hua v. Holder*, for example, a district judge in the Middle District of Louisiana found that it had exclusive jurisdiction to determine the naturalization application or to remand and denied the government's motion to remand without addressing the status of the plaintiff's background checks.[78] The *Hua* court nevertheless confirmed the district court's statutory discretion to remand.[79] In another case cited by Plaintiff, *Suarez v. Barrows*, a district judge in the Northern District of Texas found that it had jurisdiction to hear the plaintiff's application for naturalization and denied the government's motion to remand even though the plaintiff's background checks were still pending.[80] Finally, in *Negam v. U.S.*, another district judge in the Northern District of Texas denied the government's motion to remand where USCIS failed to give the court or the plaintiff any assurance as to when a decision would be reached.[81] Like the court in *Suarez*, the district court reached this conclusion even though the plaintiff's background checks

---

[76] Rec. Doc. 14 at 3.

[77] *Id.* at 5 (citing *Hua v. Holder*, No. 12-172, 2012 WL 5363976 (M.D. La. Oct. 30, 2012); *Suarez v. Barrows*, 2007 WL 1624358 (N.D. Tex. June 5, 2007); *Negam v. U.S.*, 480 F.Supp.2d 877, 883–84 (N.D. Tex. 2007)).

[78] *Hua v. Holder*, No. 12-172, 2012 WL 5363976, at *2 (M.D. La. Oct. 30, 2012).

[79] *Id.* ("[T]he Court finds that once an applicant files a Section 1447(b) petition after the 120 day period elapses, the district courts have jurisdiction to either determine the matter or remand the matter to the USCIS.").

[80] *Suarez v. Barrows*, 2007 WL 1624358, at *1 (N.D. Tex. June 5, 2007).

[81] *Negum v. U.S.*, 480 F.Supp.2d 877, 883–84 (N.D. Tex. 2007).

had not been completed.[82] None of the cases cited by Plaintiff denied remand because the background checks had been completed, and in fact the *Suarez* and *Negam* courts retained jurisdiction even though the background checks of the plaintiffs had not been completed.

The Fifth Circuit's decision in *Walji v. Gonzales* also undercuts Plaintiff's assertion that district courts generally do not remand naturalization applications where background checks have been completed.[83] In *Walji*, the Fifth Circuit determined that the district court had exclusive jurisdiction of the plaintiff's naturalization application.[84] However, the Fifth Circuit also noted, "Because Walji's interview has been conducted and his background check has now been completed, we are satisfied that the district court will remand to [USCIS] where there should be no impediment to the prompt resolution of the application."[85]

Here, as in *Walji*, Plaintiff's interview has been conducted, and his background check has been completed.[86] Moreover, unlike in *Suarez* and *Negam*, USCIS has assured the Court that it will issue a decision within a definite time period—14 days.[87] In the interest of the expeditious resolution of Plaintiff's application, the Court finds that remand is appropriate.[88] Finally, the Court

---

[82] *Id.*

[83] 500 F.3d 432 (5th Cir. 2007).

[84] *Id.* at 439.

[85] *Id.*

[86] *Id. See also* Rec. Doc. 11-1 at 2, Rec. Doc. 14 at 3, Rec. Doc. 18 at 4.

[87] *See* Rec. Doc. 18 at 1.

[88] *See Walji*, 500 F.3d at 439; *Otundo v. Gomez*, No. 13-4994, 2013 WL 5410470, at *2 (E.D. La. Sept. 25, 2013) (Africk, J.) (remanding naturalization application to USCIS where plaintiff's interview and background checks had been completed and ordering resolution of the application within two weeks). *See also Osman v. Chertoff*, No. 6:06-506, 2008 WL 750567, *2 (E.D. Tex. Mar. 18, 2008) (collecting district court cases remanding naturalization applications to USCIS).

notes that Plaintiff contends that USCIS is seeking remand to avoid attorney's fees,[89] but he does not point to any evidence in the record to support this contention. Although it does not appear that significant fees have been incurred by Plaintiff before this Court, the Court would be open to consider granting attorney's fees in this case. However, the Court finds itself bound by Fifth Circuit precedent regarding Plaintiff's lack of "prevailing party" status at this point.[90]

## IV. Conclusion

Pursuant to 8 U.S.C. § 1447(b), the Court has the statutory discretion to either determine this matter or to remand the matter to USCIS.[91] Given the circumstances of this case and in the interest of the prompt resolution of Plaintiff's application for naturalization, the Court finds that remand, with instructions, to USCIS is appropriate.

---

[89] Rec. Doc. 14 at 2.

[90] *See Othman v. Chertoff*, 309 Fed. App'x 792, 794 (2008) (holding that district court's remand of naturalization action with instructions that USCIS make a determination by a particular date lacked the "judicial imprimatur" necessary to confer prevailing-party status on plaintiff) (citing *Buckahannon Bd. & Care Co. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)).

[91] *Walji*, 500 F.3d at 434 (citing 8 U.S.C. § 1447(b)).

14

Accordingly,

**IT IS HEREBY ORDERED** that USCIS's motion to remand is **GRANTED.**

**IT IS FURTHER ORDERED** that USCIS shall determine this matter on or before February 1, 2017.

**IT IS FURTHER ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this 18th day of January, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**